16-1254-cr
*United States v. Munteanu*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

               *Appellee,*                              16-1254-cr

               v.

EDUARD MUNTEANU,

               *Defendant-Appellant,*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Michael P. Robotti and Susan Corkery, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Randolph Z. Volkell, Merrick, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** to the District Court for resentencing.

Defendant-appellant Eduard Munteanu appeals from a judgment of conviction entered on April 4, 2016, pursuant to a plea of guilty to both counts of a two-count indictment charging Munteanu with (1) possessing with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II) and (2) conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). The District Court sentenced Munteanu to concurrent sentences of 121 months' imprisonment.

On appeal, Munteanu argues that the District Court made two errors during sentencing: (1) the District Court failed to make findings regarding an obstruction of justice enhancement, and (2) the District Court failed to announce any rationale for the sentence it imposed on Munteanu. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

At sentencing, the parties disputed whether an obstruction of justice enhancement pursuant to Section 3C1.1 of the United States Sentencing Guidelines (the "Guidelines") was warranted. The government and the probation department both recommended the enhancement and Munteanu opposed it. The District Court stated at Munteanu's sentencing hearing that it "came down on [the government's] side of the argument." Appendix 42. It did not address the issue any further, however, and simply adopted the Presentence Report in its written Statement of Reasons. Because the District Court did not make any findings of fact justifying its imposition of the obstruction enhancement, we remand to the District Court for resentencing without prejudice to reconsideration of the obstruction enhancement. *See United States v. Thompson*, 808 F.3d 190, 194–95 (2d Cir. 2015).

In light of our remand, we need not address Munteanu's second argument on appeal. We note, however, that a full explanation of the reasons for selecting a particular sentence greatly aids this Court in assessing the reasonableness of a challenged sentence.[1]

---

[1] We note, moreover, that there is some confusion in the record about the calculation of the Sentencing Guidelines. A sentencing court is required to calculate the applicable Guidelines range. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The court here never explicitly stated its calculation at the time of sentencing, although it appears to have determined that the range was 97-121 months, as recommended by the government. *See* Appendix 43 ("Let's talk about 97 to 121."). In the Statement of Reasons accompanying the judgment, however, the Guidelines range is stated as 121-151 months. In addition, although Munteanu does not raise the issue, the District Court failed to verify at sentencing that Munteanu and his attorney had read and discussed the PSR, as required by Federal Rule of Criminal Procedure 31(i)(1)(A). District courts should take care to comply with the procedural requirements of the case law and Federal Rules.

## CONCLUSION

For the foregoing reasons, the cause is **REMANDED** to the District Court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk